IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANDREA KELLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action File No.: 4:24-CV-287 |
| v. | ) **JURY TRIAL DEMANDED** |
| CHATHAM COUNTY, GA., | ) |
| | ) |
|     Defendant. | ) |

# COMPLAINT

Plaintiff **Andrea Kelly** brings this civil rights action for relief and damages against Defendant **Chatham County, Georgia**, based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1.   This action to correct discriminatory employment practices by Chatham County, Ga., ("Chatham County"), arises under the discrimination and retaliation provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e *et seq*.

1

2. Plaintiff Andrea Kelly ("Kelly"), alleges that she was subjected to a hostile environment based on sex and retaliation, and that she was subsequently terminated for lodging internal complaints of sexually harassing behavior.

3. To address Chatham County's unlawful conduct, Kelly seeks economic damages of back pay and front pay; compensatory damages for emotional distress and mental anguish; as well as her attorneys' fees and costs of litigation.

## THE PARTIES

4. Plaintiff Kelly at all times relevant to this complaint was a resident of Chatham County, Georgia.

5. Chatham County is a municipal entity subject to suit under Title VII.

## PERSONAL JURISDICTION

6. Chatham County is subject to service at the central facilities of its county government at 124 Bull St. #210, Savannah, Georgia 31401.

## SUBJECT-MATTER JURISDICTION AND VENUE

7. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

8.     Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in this district and division and the acts or omissions giving rise to the claim occurred in the same venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Kelly filed a charge of sex discrimination and retaliation against Chatham County with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 415-2024-00914, on February 22, 2024. A copy is attached as Exhibit A.

10.    Kelly subsequently received a right-to-sue letter from the EEOC on September 24, 2024. A copy is attached as Exhibit B.

## FACTUAL ALLEGATIONS

11.    Kelly was hired in July 2023 as an operator for the Chatham County Public Works Department. Her principal duties involved driving dump trucks for the county's stormwater disposal and excavation operations.

12.    Within a month of her employment beginning, a male coworker named Ethan Greene stroked the calf of Kelly's leg and inappropriately suggested to her that he intended to pursue a sexual relationship with her.

3

13. Kelly rebuffed Greene's advances and promptly reported the unwanted touching and proposition to Bill Leonard, one of the managers in her division. Leonard took no apparent action.

14. On September 4, 2023, Assistant Superintendent of Public Works Ronald White instructed Kelly to ride with him in his work vehicle. While they were parked, White mentioned that he knew about her complaint regarding Greene.

15. White then stunned Kelly by asking her, "Did he touch you like this or like this", white simultaneously fondling her breasts and inner thigh.

16. Kelly demanded that White stop and immediately lodged another complaint of sexual harassment.

17. White, despite his status as a senior department official and his egregious harassing conduct, received a punishment no more severe than a three day suspension.

18. A deputy director in the department, Rushida Adeshina, told Kelly that there were doubts about the veracity of her claims.

19. Over the ensuing three and a half months after her reporting of White's harassment, Kelly began to be subjected to constant adverse treatment by supervisory personnel including Bill Leonard. On repeated occasions between

4

October 2023 and January 2024, Kelly was directed by Leonard to drive trucks in substandard conditions, with clearly deficient or damaged tires, or other operational mechanical defects.

20. Kelly was given write-ups in November and December 2023 for allegedly failing to wear a proper work uniform and for using profanity on a work site. Neither writeup was warranted.

21. The officials who issued Kelly's unjustified write-ups and who pushed her to operate trucks that were in poor working conditions had full knowledge of her multiple harassment complaints. In fact, one of the supervisors had even offered testimony in support of White during the internal investigation into Kelley's harassment claim.

22. Kelly also learned from coworkers that Assistant Superintendent White had a history of harassing behavior toward female employees and that the Public Works Department had consistently failed to take meaningful action against White, choosing instead to question the credibility of his accusers.

23. In the second week in January, 2024, Kelly received her six months probationary period evaluation from the same official she accused of harassment, Ronald White, and Superintendent Matthew Keegan, known to be a longtime

5

colleague and friend of White's. The results were negative across the board. Yet, during her time in the department, Kelly had never received a significant performance based corrective action.

24.     On January 10, 2024, Kelly was notified by William Wright, Director of Public Works, and Deputy Director Adeshina that she was being terminated based on the results of her six months review. Adeshina had earlier raised questions about the truthfulness of Kelly's allegations, and Wright had full knowledge of the specifics of Kelly's complaints.

25.     According to established protocols and practices within the Public Works Department, probationary employees who do not score well on six month evaluations are placed on a formal corrective plan. A weak evaluation is essentially regarded as the first step of progressive disciplinary action.

26.     The department's deviation from its ordinary evaluations process supports the inference that Kelly was retaliated against for reporting sexual harassment by a high ranking figure in the organization.

27.     Similarly, the Public Works Department's failure to take serious action against an alleged repeat harasser like Assistant Superintendent White is evidence of an internal culture where accusers like Kelly are doubted and targeted.

6

28. Inexcusably, the department permitted the official Kelly charged with harassment to participate in her annual evaluation and to directly influence a score that was used to justify her termination.

## CAUSES OF ACTION

### COUNT I

**(retaliatory termination in violation of 42 U.S.C.A. § 2000e-3(a)**

29. Plaintiff Kelly incorporates by reference the factual allegations in this complaint as though set forth fully and separately herein.

30. Kelly engaged in protected activity under Title VII in that she made multiple internal complaints that she was subjected to a hostile work environment in the form of sexually harassing behavior, including by a high ranking official of the Chatham County Department of Public Works.

31. Because of her participation in statutorily protected activity under Title VII, Kelly was terminated from employment.

32. As a result of Defendant's retaliatory conduct, Kelly has suffered monetary damages, including but not limited to back pay and front pay; and noneconomic compensatory damages including emotional distress and mental anguish.

7

## COUNT II

**(Retaliatory hostile environment in violation of 42 U.S.C.A. § 2000e-3(a)**

33.  Plaintiff Kelly incorporates by reference the factual allegations in this complaint as though set forth fully and separately herein, and the allegations in paragraph 30 of this complaint.

34.  Because she engaged in protected activity under Title VII, Kelly was subjected to a series of ongoing reprisals that included directions to operate substandard and unsafe work equipment, unwarranted discipline, and an unjustified negative performance review.

35.  The conduct to which Kelly was subjected in the aftermath of her complaints of sexual harassment collectively would have dissuaded a reasonable worker from making a claim of discrimination.

36.  As a result, Defendant's conduct constituted a retaliatory hostile work environment.

37.  As a result of the retaliatory hostile work environment she endured, Kelly has suffered monetary damages, including but not limited to back pay and front pay, based on the link between her unwarranted poor performance review and

her termination; and noneconomic compensatory damages including emotional distress and mental anguish.

**COUNT III**

**(sex-based hostile environment in violation of 42 U.S.C.A. § 2000e-2(a)**

38. Plaintiff Kelly incorporates by reference the factual allegations in this complaint as though set forth fully and separately herein.

39. Title VII prohibits the infliction of a hostile environment based on an employee's gender.

40. Kelly was subjected to multiple instances of unwanted touching by employees of the Chatham County Department of Public Works, including the touching of two intimate areas of her body by a high ranking official of the department, as described in paragraph 15.

41. The act of harassment that Kelly endured as described in paragraph 15 is egregious enough that it constitutes the offense of sexual battery under Georgia law. *See* O.C.GA. § 16-6-22.1(a)-(b).

42. The harassment Kelly faced during her employment by the Chatham County Department of Public Works was sufficiently severe that it altered the terms and conditions of her employment by creating a discriminatorily abusive working environment.

43. As a result of the sex-based hostile environment she encountered, Kelly has suffered noneconomic compensatory damages including emotional distress and mental anguish.

## **PRAYER FOR RELIEF**

Wherefore, based on the above-stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits.

B. Compensatory damages to the extent allowed by law under Title VII.

C. Attorneys' fees and costs of litigation.

D. Pre-judgment and post-judgment interest at the highest lawful rate.

E. Such other equitable and monetary relief as the court deems just and proper.

F. A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights and that Defendant shall refrain from future unlawful discriminatory and retaliatory conduct in its employment practices.

Respectfully submitted the 23rd day of December, 2024.

**HKM Employment Attorneys LLP**

*s/Artur Davis*

10

Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

*s/ Sheri Bagheri*

Shahrzad "Sheri" Bagheri

GA Bar No. 174460

3344 Peachtree Rd. NE, Suite 800
Office #35
Atlanta, GA 30326
Direct: 404-618-3966
sbagheri@hkm.com

**Counsels for Plaintiff Andrea Kelly**

---

[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.

11